

**Service of Process Transmittal**
05/04/2020
CT Log Number 537616852

**TO:** Tom Burton
Service King Collision Repair Centers
2375 N. Glenville Dr. Bldg A, Ste 500
Richardson, TX 75082

# Exhibit A

**RE:** Process Served in Tennessee

**FOR:** Service King Paint & Body, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | LAKEISHA LEWIS, PLTF. vs. SERVICE KING PAINT & BODY, LL, DFT. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # CH200492 |
| NATURE OF ACTION: | Employee Litigation - Discrimination |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 05/04/2020 postmarked on 05/04/2020 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/04/2020, Expected Purge Date: 05/09/2020 |
| | Image SOP |
| | Email Notification,  Tom Burton  Tom.Burton@serviceking.com |
| | Email Notification,  Melissa Shrewsbury  melissa.shrewsbury@serviceking.com |
| | Email Notification,  Donna Jarrell  donna.jarrell@serviceking.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| For Questions: | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Law Office of Darrell J. O'Neal**

2129 Winchester Road
Memphis, Tennessee 38116





1000        37919

U.S. POSTAGE PAID
FCM LETTER
MEMPHIS, TN
38116
APR 27 20
AMOUNT
**$7.25**
R2304W121611-16

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7019 2280 0001 7689 8697

CT Corporation System
300 Montvue Road
Knoxville, TN 37919

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER CH- |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| La'Keisha Lewis | Service King Paint & Body, LLC |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Service King Paint & Body, LLC
CT Corporation System
300 Montvue Road
Knoxville, TN 37919

**Method of Service:**
☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☒ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)
Darrell J. O'Neal, Esq.
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009

ISSUED_____ of _____, 20_____

W. Aaron Hall, Clerk and Master

By: _____
    Deputy Clerk & Master

140 Adams, Room 308   Memphis, TN 38103

TO THE SHERIFF:

Came to hand
_____ day of _____, 20_____

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

W. Aaron Hall, Clerk & Master
By: _____
            D. C. & M.

**Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a <u>disability</u>, please call the ADA Coordinator at (901)222-2357.
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20_____ at _____ am/pm a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____    By: _____
Signature of person accepting service                Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the _____ day of _____, 20_____, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of ____ Notary Public or _____ Deputy Court Clerk: _____ My Commission Expires: | |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**  LA&#39;KEISHA LEWIS V SERVICE KING

**Case Number:**  CH-20-0492

**Type:**  Process issued other (T)

*Alexander Graham*

Alex Graham, DC

Electronically signed on 04/27/2020 10:10:58 AM

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| **LA'KEISHA LEWIS,** ) | |
| ) | Case No.: |
| ) | |
| Plaintiff, ) | Jury Demand |
| ) | |
| v. ) | |
| ) | |
| **SERVICE KING PAINT & BODY,** ) | |
| **LLC.** ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR DISCRIMINATION

The Plaintiff, La'Keisha Lewis, by and through her attorney, Darrell J. O'Neal, Esquire, claims of Defendant, individually and/or jointly damages in an amount to be determined by a jury upon each causes of action whereof the following is a statement:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff is a citizen and resident of Memphis, Shelby County, Tennessee.

2. Plaintiff La'Keisha Lewis (hereinafter, "Ms. Lewis" or "Plaintiff"), a Black female, was a General Manager with one of Defendant's locations.

3. Defendant Service King Paint & Body LLC (hereinafter "Service King" or "Defendant"), is a for profit foreign corporation with its main office located at 2357 N. Glenville Dr. Bldg A Ste 500, Richardson, TX. Defendant's registered agent for service in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

4. Jurisdiction of the Court is invoked under T.C.A. § 4-21-401 commonly known as THE

1

TENNESSEE HUMAN RIGHTS ACT. This Court also has jurisdiction to rule on equitable matters to include due process and equal protection violations.

5. The jurisdiction of this court is further invoked pursuant to Tenn. Code Ann. § 16-10-101 and further established under Tenn. Code Ann. § 16-2-506(30)-(A), granting authority to hear cases in the Thirtieth Judicial District, specifically designated to be Shelby County. *See also Pruitt v. Talentino*, 464 S.W. 2d 294 (Tenn. Ct. App. 1970) (holding that equity will afford complete relief if there is a proper basis for jurisdiction.)

6. Venue is proper in Shelby County Chancery Court pursuant to Tenn. Code Ann. § 16-10-113 *et seq.* because it is the county where the Plaintiff resides and the location where the acts establishing a breach of contract have occurred.

7. Personal jurisdiction over the parties is proper. All parties have sufficient minimum contacts with the forum state, Tennessee, such that, "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Chancery Court of Shelby County Tennessee has jurisdiction over all the parties.

## NATURE OF THE ACTION AND RELIEF SOUGHT

8. Plaintiff seeks a declaration that the acts of the Defendant's agency unlawfully discriminated against her because of her race with appropriate injunctive relief, lost pay, and compensatory damages in amount to be determined by a jury.

9. Plaintiff additionally, and independent of the claims against the Defendant, seeks appropriate relief and compensatory damages against the Defendant.

10. At all times relevant hereto, the Defendant acted or failed to act by and through its

employees, agents, workmen and supervisors for and on behalf of Defendant.

11. At all times relevant hereto, Defendant acted negligently, intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from discrimination.

12. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times acting within the course and scope of their authority and employment. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

13. The acts and failures to act complained of herein, were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct the supervisors concerning age, and employment discrimination, as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their race, thereby causing, encouraging, fostering and fomenting the Defendant in this case to engage in the unlawful and illegal conduct described herein.

## BACKGROUND ALLEGATIONS

14. In April 2011, the Plaintiff was hired as a Service Advisor and over the past nine years, she has worked her way up to General Manager. At the time the events occurred as described below in these background allegations, Plaintiff was a General Manager.

15. On or about April 2020, Defendant started the process to downsize by subsequently

3

closing three stores. Plaintiff's store was not closed, but Plaintiff was told she was going to be furloughed.

16. Plaintiff contacted Jennifer Olson on April 7, 2020, a White female from Human Resources, to discuss her belief that her furlough was racially motivated. Specifically, Plaintiff complained that she was not being given the same opportunity as similarly situated White employees.

17. Plaintiff told the Defendant that Christopher Hopkins, a White male's store, was being closed and even though he has lesser qualification than Plaintiff, he was not furloughed.

18. Plaintiff also told the Defendant that Meagan Patty, a White female's store, was being closed and even though she has lesser qualification than Plaintiff, she was not furloughed.

19. Plaintiff also told the Defendant that Coty Childress, a White female's store, was being closed and even though she has lesser qualification than Plaintiff, she was not furloughed.

20. Plaintiff further stated that she was the only person of color under the management of Randi Clifton, a White female that was furloughed.

21. Subsequently, Meagan Patty, a White female, was transferred to Plaintiff's store, and became the General Manager of Plaintiff's store, replacing Plaintiff.

22. After a two weeks investigation, Human Resources contacted the Plaintiff and stated her claim had no merit.

23. Interestingly, five nonminority employees that were hired significantly after the Plaintiff did not lose their jobs.

## COUNT I

**Violation of The Tennessee Human
Rights Act, T. C. A. §4-21-401**

24. The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully and here reiterated in their entirety.

25. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race when similarly situated whites such as Meagan Patty, Christopher Hopkins and Coty Childress received more favorably treatment when they were hired significantly after the plaintiff.

26. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

27. The acts and failures to act of Defendant, constituted an unlawful conduct as proscribed by Tennessee Human Rights Acts.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, in an amount to be determined by the jury and for all attorney's fees as allowed by the Tennessee Human Rights Act.

## COUNT II

### PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION CLAIM

28. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

29. The acts and failures to act of the Defendant as described herein, were intended to and did deprive the Plaintiff of due process, post educational opportunities and equal protection of the laws as guaranteed her by the Tennessee Constitution.

30. The acts and failure to act of the Defendant to protect citizens and students from

discrimination which the Defendant violated when it treated the Plaintiff less favorably than similarly situated white people who were allowed to violate the defendant's policies without any adverse action.

**WHEREFORE**, Plaintiff is seeking the following relief for the above-described unlawful employment practices:

i. declare that the Plaintiff has been subjected to unlawful discrimination practices;

ii. an injunction for the purpose of prohibiting further acts of race and retaliatory conduct in the future;

iii. compensatory damages;

iv. the costs of prosecuting this action;

v. attorney's fees; and

vi. for all other equitable, legal, and unjust relief

vii. for a jury trial.

Respectfully submitted,

_/s/ Darrell O'Neal_

Darrell J. O'Neal (BPR #20927)
Misty L. O'Neal (BPR #37332)
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009 telephone
domemphislaw@darrelloneal.com
misty@darrelloneal.com
*Attorneys for the Plaintiff*

6

ELECTRONICALLY FILED
2020 Apr 24 5:50 PM
CLERK OF COURT

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| LA'KEISHA LEWIS, | )<br>)<br>) Case No.:<br>)<br>)<br>Plaintiff, ) Jury Demand<br>)<br>v. )<br>)<br>SERVICE KING PAINT & BODY, )<br>LLC. )<br>)<br>Defendant. ) |

### PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, by and through her attorneys of record, hereby submits the following Request for Admissions. The undersigned attorney on behalf of his client requests that you make the following admissions pursuant to Tennessee Rule of Civil Procedure 36 and the applicable Local Rules of Court for the purpose of this action only and subject to all pertinent objections to the admissibility that may be interposed at trial.

Should you admit or deny the truth of any matter of fact or information of belief, so state in detail the nature and source of the information on which said response is based. You are further notified that if the following admissions are not properly responded to, the Requesting Party will seek full sanctions as provided in the Tennessee Rules of Civil Procedure including, but not limited to, moving the Court to assess the expenses of proving the fact covered by said admissions, including attorney's fees incurred in making such proof.

1

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that Plaintiff was the General Manager of the Mount Moriah Service King location.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that the Plaintiff's store at Mount Moriah Service King was not closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that Meagan Patty's store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that Meagan Patty was not furloughed after her store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that Meagan Patty was transferred to the Mount Moriah Service King location in a management position after her store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that Meagan Patty is a nonminority.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that the Southaven Service King store was closed.

2

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that Chris Hopkins was not furloughed after his store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that Chris Hopkins is a nonminority.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that Coty Childress' store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that Coty Childress was not furloughed after her store was closed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was the only minority General Manager furloughed under Randy Clifton.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that the Plaintiff was the only minority under Randy Clifton.

3

Respectfully submitted,

LAW OFFICE OF DARRELL J. O'NEAL

Darrell J. O'Neal (BPR #20927)
Misty L. O'Neal (BPR #37332)
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009
*Counsels for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served with the Complaint on this 24th day of April 2020.

Darrell J. O'Neal

4